UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
AT FOLEY SQUARE

| | | |
|---|---|---|
| IBRAHIM AKASHA ABDALLA, | ) | |
| | ) | |
| Movant, | ) | USDC Case No.  1:21-cv-____ |
| | ) | |
| v. | ) | |
| | ) | USDC Case No.  1:14-cr-716-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. Victor Marrero |
| Respondent. | ) | Senior United States District Judge |

_____

## *PRO SE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255

[Return Date to be Fixed by the Court]

COMES NOW IBRAHIM AKASHA ABDALLA, Movant *pro se,* in the above styled and numbered cause, and respectfully submits this Memorandum of Law in support of the Motion to Vacate pursuant to 28 U.S.C. §2255, and would show the Court the following facts, circumstances, and points of law:

# I. Introduction

Mr. Abdalla asks this Honorable Court to vacate his sentence on the basis that he was deprived of the effective assistance of counsel during the plea negotiation stage, with the result that he lost the available benefits of the United States' first formal plea offer and was forced to accept a less favorable subsequent formal plea offer. Counsel failed to provide Mr. Abdalla with the opportunity to consider the first formal plea offer, the requisite explanation of its terms, or any advice concerning the desirability of and benefits which would accrue to Mr. Abdalla under the first formal plea offer.

As established in *§IV.A.3, infra*, there is a reasonable probability that absent counsel's unprofessional errors at the plea stage: Mr. Abdalla would have accepted the United States' first formal plea offer; and that Mr. Abdalla's plea would have been presented to and accepted by this Court, with the result that Mr. Abdalla's sentence and convictions would have been less severe. Mr. Abdalla is thus entitled to vacation of the greater convictions and sentence imposed and re-sentencing under the terms of the first formal plea offer**.**

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Abdalla so moves this Court on grounds that his sentence was imposed and his convictions obtained as a result of proceedings wherein he was denied the effective assistance of counsel.

### III. Review Standards

A motion for relief under §2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[1] Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a §2255 motion should be dismissed only "if it **plainly** appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[2] In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order."[3] The Rules authorize, where appropriate

---

[1] *28 U.S.C. §2255* (emphasis added).

[2] *Rule 4(b)* (emphasis added).

[3] *Id.*

4

and by order of the Court, discovery proceedings, an expansion of the record,

and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the

ultimate legal standard for motions brought pursuant to §2255 is prescribed

by statute:

> If the court finds that . . . the sentence imposed was
> not authorized by law or otherwise open to collateral
> attack, or that there has been such a denial or
> infringement of the constitutional rights of the
> prisoner as to render the judgment vulnerable to
> collateral attack, the court shall vacate and set the
> judgment aside and shall discharge the prisoner or
> resentence him or grant him a new trial or correct the
> sentence as may appear appropriate.[4]

_____

[4]     *28 U.S.C. §2255.*

## IV. Grounds for Relief

A.   **Ground One:**
**Mr. Abdalla was Denied the Effective Assistance of Counsel During the Plea Negotiation Stage**

**[1].   The Applicable Standard**

Claims of ineffective assistance of counsel must satisfy the two-prong test set out by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense *Id.* at 687.

The Supreme Court has applied this standard in cases where counsel's ineffective assistance cost the client the benefits of a favorable plea agreement. *Missouri v. Frye*, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); *Lafler v. Cooper,* 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). In *Frye*, the Court

recognized "[t]he reality is that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages." *Id.*, 132 S.Ct. 1407. The Court went on to hold "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.*, 132 S.Ct. 1408. Application of that rule led the Court to determine that "[w]hen defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." *Id.*

In *Lafler v. Cooper*, the Court explained the proper application of *Strickland*'s prejudice prong to claims that counsel's deficient performance cost his client the benefits of a favorable plea bargain. *Id.*, 132 S.Ct., at 1385-90. To establish prejudice, the Court states "a defendant must show that but for

the ineffective advice of counsel there is a reasonable probability that the plea

offer would have been presented to the court (i.e, that the defendant would

have accepted the plea and the prosecution would not have withdrawn it in

light of the intervening circumstances), that the court would have accepted its

terms, and that the conviction or sentence or both, under the offer's terms

would have been less severe than under the judgment and sentence that in

fact were imposed." *Id.*, 132 S.Ct. at 1385. The Court also addressed the

appropriate remedy where ineffective assistance of counsel caused the

rejection of a plea and led to a trial which resulted in a more severe sentence

*Id.*, 132 S.Ct. at 1388-90. In those cases where the sole advantage a defendant

would have received under the plea was a lesser sentence, the Court held that

re-sentencing struck the appropriate balance by "neutralizing the taint" of the

constitutional violation, without granting the defendant a windfall or

needlessly squandering resources of the State *Id.*, 132 S.Ct. at 1388-89. The

Court explained that the trial court's discretion in crafting a remedy should

be guided by "[p]rinciples elaborated over time in decisions of state and

federal courts, and in statutes and rules" which offer "more complete guidance as to the factors that should bear upon the exercise of" such discretion. *Id.* The Court went on to identify two considerations, as relevant to selection of a proper remedy:

> First, a court may take account of a defendant's earlier expressed willingness or unwillingness, to accept responsibility for his or her actions. Second, it is not necessary here to decide as a constitutional rule that a judge is required to prescind (that is to say disregard) any information concerning the crime that was discovered after the plea offer was made. The time continuum makes it difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer, but that baseline can be consulted in finding a remedy that does not require the prosecution to incur the expense of conducting a new trial.

*Id.*, 132 S.Ct. at 1389.

## [2].   **Deficient Performance**

Counsel was constitutionally deficient for failing to timely convey the first formal plea offer from the Government.[5] Likewise, former counsels'

---

[5]      *See Exhibit ("EX") #1, Declaration of Ibrahim Akasha Abdalla in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or*

failures: 1) to provide competent advice concerning the first formal plea offer, and the consequences and options of accepting that offer versus proceeding to trial; and, 2) to provide Mr. Abdalla with timely access to the formal, written plea offer were objectively unreasonable, constituting deficient performance under *Strickland*. *See Missouri v. Frye,* 132 S.Ct. 1399, 1407 (2012). Counsels' failures and lack of diligence during the plea negotiation stage deprived Mr. Abdalla of the right to make an informed decision whether to accept the first formal proposed plea agreement. *See, Hill v. Lockhart,* 474 U.S. 52, 56-57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also Boyd v. Waymart,* 579 F.3d 330, 353 (3d. Cir. 2009) (A defendant "cannot make a reasonably informed decision about a plea in the absence of counsel's advice about the advantages and disadvantages of the plea offer, or how it compared to the options of entering an open plea or going to trial."); *see also, Teague v. Scott,*

---

*Conviction Pursuant to 28 U.S.C. §2255,* ¶3 ("3. My former counsel did not timely convey the first formal plea offer from the United States – a true and correct copy of the same, marked as Exhibit #2, is attached to the same motion to expand the record as this declaration. Rather, they allowed this plea offer to expire without explaining the benefits and consequences of the offer or allowing me to consider it.").

60 F.3d1167, 1170 (5th Cir. 1995) ("In determining whether or not to plead

guilty, the defendant should be made aware of the relevant circumstances and

likely consequences so that he can make an intelligent choice"). Included

within the requisite knowledge counsel must convey is the comparative

sentence exposure between the accused's various options. *Boyd,* 579 F.3d at

353; *see also United States v. Day,* 969 F.2d 39, 40, 43 (3d. Cir. 1992) (holding

that a facially valid claim of ineffective assistance of counsel was presented

by the defendant's allegations that, although his counsel informed him about

a plea offer extended by the prosecutor, he did not adequately advise him

about the potential sentencing implications).

### [3].   <u>Prejudice</u>

Mr. Abdalla's declaration, verified under penalty of perjury, and the

record establish a reasonable probability that had counsel provided Mr.

Abdalla with the required advice, including an accurate assessment of his

sentence exposure should he accept the first proposed formal plea agreement,

Mr. Abdalla would have accepted the United States first formal plea offer.[6]

Additionally, the reality that Mr. Abdalla subsequently followed counsels'

advice to accept a less favorable plea offer, buttresses his showing that, but for

counsels' abject deficiencies during the plea negotiation stage, he would have

accepted the United States initial formal plea offer.[7]

The very nature of counsels' deficiencies support this reality. Counsels'

failures to timely allow Mr. Abdalla to consider the terms of the United States'

first formal plea offer and to convey those terms and otherwise provide the

requisite information, advice and guidance, deprived Mr. Abdalla of

knowledge essential to his ability to make an informed decision of whether

---

[6]     *EX #1, ¶4* ("I subsequently accepted a less favorable plea offer from the United States – a true and correct copy of the same, marked as Exhibit #3, is attached to the same motion to expand the record as this declaration. Had my former counsel provide me with the opportunity to consider the first formal plea offer I would have accepted it just as readily.").

[7]     *EX #1, ¶ 4; See Docket Entries for 10/24/2018,* which read as follows: Change of Not Guilty Plea to Guilty Plea as to Ibrahim Akasha Abdalla (2) Count 1ss-2ss,3ss-4ss,5ss,6ss. (jw) (Entered: 01/13/2020); Minute Entry for proceedings held before Magistrate Judge Katharine H. Parker: Plea entered by Ibrahim Akasha Abdalla (2) Guilty as to Count 1ss-2ss,3ss-4ss,5ss,6ss. (jw) (Entered: 01/13/2020).

he should accept the United States' first formal plea offer. Moreover, it fundamentally obscured the consequences of that offer. Had Mr. Abdalla received competent advice concerning the sentencing benefits and desirability of accepting the plea offer, based on the readily apparent reality that he was guilty and the prosecution enjoyed a plethora of inculpatory evidence, there is a reasonable probability that he would have accepted the initial plea offer.

Mr. Abdalla's sentence (and convictions) would have been less severe had he accepted the United States' first plea offer. The first formal plea offer contained a jointly stipulated guideline range of imprisonment of 262 to 327 months' imprisonment and required Mr. Abdalla to plead guilty to only two counts.[8] The plea offer which Mr. Abdalla subsequently accepted contained a joint stipulated guideline range of Life imprisonment and required Mr. Abdalla to plead guilty to six counts.[9] Mr. Abdalla's willingness to accept this far less favorable plea offer demonstrates that he was willing and prepared to admit his crimes and accept just punishment.

---

[8] *See EX #2, pp. 1, 3.*

[9] *See EX #3, pp. 1, 6.*

13

**[4].** <u>**Remedy**</u>

Mr. Abdalla was deprived of the sentencing benefits of the first proposed plea agreement by the ineffective assistance of counsel. Thus, justice requires that the additional counts of convictions be vacated and Mr. Abdalla be resentenced as if he had accepted the proposed plea agreement and pled guilty pursuant to the same.

Section 2255 provides that if a court concludes that "the sentence imposed was not authorized by law or otherwise open to collateral attack," it shall "vacate and set the judgment aside" and shall, among other options "resentence" the defendant. *28 U.S.C. §2255(b) (2014)*. Thus, this Honorable Court enjoys authority, pursuant to §2255, to vacate Mr. Abdalla's sentence and re-sentence Mr. Abdalla under the terms of the government's first formal plea offer. *Andrew v. United States*, 373 U.S. 334, 339-40 (1963) (noting that relief under §2255 expressly authorizes vacation of the sentence in order for a defendant to be returned to the district court for re-sentencing proceedings).

Mr. Abdalla is entitled to have the extra counts of conviction vacated

and to be resentenced, as if he had accepted the Government's first formal plea offer.[10]

## V. Prayer for Relief

Mr. Abdalla was deprived of rights guaranteed by the Sixth Amendment to the United States Constitution during the plea negotiation stage. Mr. Abdalla seeks to vindicate those rights in this Court. Mr. Abdalla has established entitlement to, and respectfully requests vacation of the extra counts of conviction and resentencing, as if he had accepted the first formal plea offer, which was the casualty of counsels' ineffective assistance.

---

[10] This Honorable Court imposed a variance sentence of 276 months' imprisonment where the USSG calculations were found as follows at sentencing: total offense level ("TOL") 43, criminal history category ("CHC") I, recommended sentence = Life imprisonment. *See DE #201, pp. 37-38.* This reality supports an inference that a substantially lower variance sentence would have been imposed had Mr. Abdalla faced this court for sentencing with the joint sentencing stipulation contained in the first formal plea offer: TOL 39, CHC I, recommended sentencing range = 262-327. A proportional variance from that range to the mandatory minimum of 10 years' imprisonment is warrant and what Mr. Abdalla respectfully seeks as relief for the constitutional deprivation he suffered and which cost him the benefits he otherwise would have received under the first formal plea offer.

Respectfully submitted this _8TH_ day of _OcToBER_____, 2021.

_____

Ibrahim Akasha Abdalla, *Pro Se*
Reg. No. 75953-054
FCI Oakdale I
Post Office Box 5000
Oakdale, LA 71463-5000

## VI. Verification

I, Ibrahim Akasha Abdalla, verify under penalty of perjury, pursuant to

28 U.S.C. §1746 that the foregoing is true and correct. Executed this _8TH_ day

of _OCToBER_____, 2021.

_____

Ibrahim Akasha Abdalla, *Pro Se*
Reg. No. 75953-054
FCI Oakdale I
Post Office Box 5000
Oakdale, LA 71463-5000