```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
IBRAHIM AKASHA ABDALLA,           :
              Petitioner,         :
                                  :        14 CR 716 (VM)
         -against-                :        21 Civ. 8569 (VM)
                                  :        DECISION AND ORDER
UNITED STATES OF AMERICA,         :
                                  :
              Respondent.         :
----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2022

**VICTOR MARRERO, United States District Judge:**

On October 24, 2018, petitioner Ibrahim Akasha Abdalla ("Abdalla") pled guilty to conspiracy to manufacture and distribute heroin, in violation of 21 U.S.C. Sections 960(b)(1)(A), 963, 959(a) and (d), and 18 U.S.C. Section 3238 ("Count One"); conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. Sections 960(b)(1)(H), 963, 959(a) and (d), and 18 U.S.C. Section 3238 ("Count Two"); manufacturing and distributing heroin, in violation of 21 U.S.C. Sections 959(a), 960(b)(1)(A), and 18 U.S.C. Section 3238 ("Count Three"); manufacturing and distributing methamphetamine, in violation of 21 U.S.C. Sections 959(a), 960(b)(1)(H), and 18 U.S.C. Section 3238 ("Count Four"); using and carrying machine guns and destructive devises in furtherance of drug-trafficking crimes, in violation of 18 U.S.C. Section 924(o) ("Count Five"); and corruption and bribery of public officials to avoid prosecution, in violation of 18 U.S.C. Section

1

1512(c)(2) ("Count Six"). On January 10, 2020, Abdalla was sentenced to 276 months of imprisonment on Counts One through Five and eighty-four months' imprisonment on Count 6, all to run concurrently. (See "Judgment," Dkt. No. 198.) The Second Circuit affirmed the judgment of the district court on direct appeal on April 29, 2021. (See Dkt. No. 219.)

Now before the Court is Abdalla's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 due to alleged ineffective assistance of counsel. (See "Motion," United States v. Abdalla, No. 14 Crim. 716 (the "Criminal Docket"), Dkt. No. 222; Abdalla v. United States, No. 21 Civ. 8569 (the "Civil Docket"), Dkt. No. 1.) Also before the Court is the Government's opposition to the Motion. (See "Opposition," Criminal Docket, Dkt. No. 233.) For the following reasons, the Motion is DENIED.

## I.   BACKGROUND

A.   RELEVANT PROCEDURAL HISTORY

On or about January 30, 2017, Abdalla arrived in this District and was appointed an attorney ("Trial Counsel") pursuant to the Criminal Justice Act ("CJA"). Abdalla was arraigned on Superseding Indictment S5, 14 Crim. 716, on January 31, 2017 and pleaded not guilty. On December 7, 2017, the Government filed a Superseding Indictment (the "S9 Indictment") containing seven counts. Abdalla was arraigned

2

on the S9 Indictment on January 5, 2018 and again pleaded not guilty.

On August 29, 2018, while pretrial motions were pending, the Government sent Trial Counsel a proposed plea agreement (the "Initial Plea Agreement," Ex. 2, Criminal Docket, Dkt. No. 232). The Initial Plea Agreement required Abdalla to plead guilty to Counts One and Two of the S9 Indictment and would have resulted in a ten-year mandatory minimum term of imprisonment, with a Guidelines offense level of thirty-nine, a criminal history category of I, and a stipulated Guidelines sentence range of 262 to 327 months of imprisonment. (See Initial Plea Agreement at 3.)

Abdalla did not accept the offer made in the Initial Plea Agreement, but he now argues Trial Counsel never communicated it to him or advised him on whether to accept the offer. (Motion at 10.) In a declaration dated May 5, 2022, Abdalla stated that he would have accepted the Initial Plea Agreement but Trial Counsel "did not timely convey the . . . offer from the United States. . . . Rather, they allowed th[e] plea offer to expire without explaining the benefits and consequences of the offer or allowing [Abdalla] to consider it." ("Abdalla Declaration," Ex. 1, Criminal Docket, Dkt. No. 232.)

After the rejection of the Initial Plea Agreement,

pretrial motion practice and trial preparation continued, with trial set to begin October 29, 2018. On October 22, 2018, the Government sent Trial Counsel another proposed plea agreement ("Second Plea Agreement," Ex. 3, Criminal Docket No. 232) that required Abdalla plead guilty to all six counts of proposed Superseding Information S12. The agreement expired the following day and required Abdalla to enter the guilty plea by October 24, 2018. Under the Second Plea Agreement, Abdalla's Guidelines offense level would be forty-three and his criminal history category would be I. The Guidelines sentencing would be life imprisonment, with a mandatory minimum of ten years. Abdalla signed the Second Plea Agreement, and on October 24, the Government filed Superseding Information S12. Abdalla waived indictment and pleaded guilty to all six counts. The Court accepted the guilty plea on November 9, 2018.

Following the guilty plea, the Court held a two-day Fatico hearing to hear evidence of Abdalla's involvement in a murder that was detailed in the Probation Department's presentence investigation report. The Court found that the representations in the presentence investigation report regarding Abdalla's involvement in the murder were accurate. (Hearing Tr., Dkt. No. 182, at 245:24-246:3.) On January 10, 2020, Abdalla was sentenced to a below-Guidelines sentence of

4

twenty-three years, or 276 months, of imprisonment on each of Counts One through Five and eighty-four months on Count Six, to run concurrently. Trial Counsel represented Abdalla from his initial presentment in this District through sentencing.

Abdalla appealed shortly thereafter. The Second Circuit granted summary affirmance of Abdalla's conviction on direct appeal. (See Criminal Docket, Dkt. No. 219.)

B.   THE PARTIES' ARGUMENTS

In his Section 2255 motion, Abdalla argues that Trial Counsel failed to render the effective assistance of counsel required by the Sixth Amendment because she failed to provide him with the Initial Plea Agreement, which he would have accepted if it had been timely provided and which had more favorable terms than the agreement he ultimately signed.

The Government responds that Abdalla has provided no evidence except self-serving declarations that Trial Counsel timely failed to inform him of the Initial Plea Agreement or that he would have accepted a plea agreement at an earlier time, and, further, the Government argues Abdalla has not demonstrated prejudice. The Government asserts that Abdalla has not met his burden of showing his sentence would have been different but for Trial Counsel's alleged ineffectiveness because the sentence imposed was below the

stipulated Guidelines range under either agreement.[1] The Government also argues that the Court sentenced Abdalla based on the Section 3553 factors and factual information that would not have differed if Abdalla had pleaded guilty under the Initial Plea Agreement.

## II. <u>LEGAL STANDARD</u>

"In order to establish an ineffective assistance claim, a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." <u>Cardoza v. Rock</u>, 731 F.3d 169, 178 (2d Cir. 2013). With respect to the performance prong, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011) (internal marks and citations omitted). While courts are thus deferential to defense counsel's strategic decisions, those decisions must be within "the wide

---

[1] The Government argues that the Initial Plea Agreement and the Second Plea Agreement "both included a mandatory minimum term of 10 years' imprisonment, a statutory maximum of life imprisonment, and a stipulated Guidelines range of life imprisonment." (Opposition at 21.) While the mandatory minimum and statutory maximum were the same under both plea agreements, the stipulated Guidelines range differed. The Guidelines range was life imprisonment under the Second Plea Agreement, but it was "262 to 327 months' imprisonment" under the Initial Plea Agreement. (Initial Plea Agreement at 3.)

6

range of reasonable professional assistance." Strickland v. United States, 466 U.S. 668, 689 (1984).

With respect to the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cullen, 563 U.S. at 189 (internal quotation marks omitted). This standard "requires a substantial, not just conceivable, likelihood of a different result." Id. (internal quotation marks omitted). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the plea offer had they been afforded effective assistance of counsel." Missouri v. Frye, 566 U.S. 134, 147 (2012). "To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been favorable by reason of a plea to a lesser charge or a sentence of less prison time." Id.

### III. DISCUSSION

The Court notes that Abdalla's evidence in support of Trial Counsel's alleged ineffective performance is sparse. Abdalla submitted, with the Motion, a declaration stating that Trial Counsel never informed him of the Initial Plea

7

Agreement or the consequence of not signing that agreement and he wrote to the Court expressing his intent to bring this claim on July 31, 2021 (see Criminal Docket, Dkt. No. 205), but the support for his claim ends there. While an evidentiary hearing may provide further evidence for Abdalla's claim, the Court finds such hearing would be futile because Abdalla has failed to sufficiently demonstrate prejudice as a result of any potential ineffectiveness. The Supreme Court's decision in Missouri v. Frye, the case on which Abdalla's argument rests, did not excuse Section 2255 petitioners alleging ineffective assistance based on counsel's failure to timely communicate a plea offer from satisfying Strickland's second prong. 566 U.S. at 147.

Although Abdalla was required to plead guilty to additional charges under the Second Plea Agreement, that alone is insufficient to establish prejudice. See Baktash Akasha Abdalla v. United States, Nos. 14 Crim. 716, 20 Civ. 9157, 2021 WL 2688964, at *3 (S.D.N.Y. June 30, 2021) (citing United States v. Khan, 769 F. App'x 620, 624 (10th Cir. 2019) ("[The defendant] contends prejudice should be determined solely by comparing the charges for which he was originally indicted to the charges to which he ultimately pled guilty. We disagree.")).

Abdalla faced a ten-year mandatory minimum sentence

under both agreements. The Initial Plea Agreement had a Guidelines range of imprisonment of 262 to 327 months, as opposed to the Second Plea Agreement's range of life imprisonment. Abdalla is correct that the stipulated Guidelines range would have been lower if he accepted the Initial Plea Agreement, but that is insufficient to demonstrate prejudice. The Court imposed a sentence within the Initial Plea Agreement's Guidelines range -- and below the range set forth in the Second Plea Agreement. Abdalla's twenty-three-year sentence was squarely within, and on the lower end of, the Guidelines range stipulated to in the Initial Plea Agreement. Courts have repeatedly found Section 2255 petitioners in Abdalla's position have not established prejudice where the sentence imposed was within the Guidelines range of the unaccepted plea agreement. See, e.g., Abdalla, 2021 WL 2688964, at *3; United States v. Dye, 638 F. App'x 117, 123 (3d Cir. 2015) (noting that the defendant suffered no prejudice for failure to communicate a plea agreement when the sentence ultimately imposed was within the Guidelines range from the plea agreement); see also Cook v. United States, No. 13 Crim. 777, 2020 WL 6746378, at *5 (S.D.N.Y. Nov. 17, 2020) (finding no prejudice for deficient performance during the plea-negotiation process because the sentence imposed by the Court was significantly below the

9

stipulated Guideline range of the rejected plea agreement); United States v. Gordon, No. 17 Crim. 20067, 2019 WL 3413045, at *3 (E.D. Mich. July 29, 2019) (finding no prejudice for failure to challenge a sentencing enhancement because the defendant would have faced the same Guidelines range).

Further cutting against a finding of prejudice, as this Court explained when considering the Section 2255 motion filed by his co-defendant and brother, Abdalla has failed to establish a reasonable probability that the sentence he received was higher as a result of pleading guilty to additional charges. See Abdalla, 2021 WL 2688964, at *3. Abdalla was sentenced to twenty-three years' imprisonment on Counts One through Five, and he was sentenced to seven years' imprisonment on Count Six. However, the Court ordered that all terms of imprisonment run concurrently, so the additional charges did not increase his overall term of imprisonment. There is no reasonable probability that Abdalla would have received a shorter sentence had he pleaded guilty to only Counts One and Two as required under the Initial Plea Agreement, as the Court imposed twenty-three year sentences on both of those Counts.

Finally, as demonstrated by the Court's statements at sentencing, the Court sentenced Abdalla primarily based on the Section 3553 factors and the circumstances of the offense,

evidence of which was adduced during the two-day Fatico hearing. Abdalla committed a vast array of very serious crimes over the course of many years in which he was "by no means coerced into participation in th[e] conspiracy," instead acting as "a willing lieutenant." (Sentencing Tr. at 39:7-20.) There is no evidence or reason to believe that these circumstances would not have been considered, or would have been regarded differently, by the Court had Abdalla pleaded guilty pursuant to the Initial Plea Agreement. Abdalla has failed to establish prejudice based on the sentence imposed for this reason as well. See Dye, 638 F. App'x at 123 ("Given the district court's care and explanation of the sentence that was imposed, Dye cannot establish that a guilty plea pursuant to the March 2009 plea offer would have had a reasonable probability of achieving a different sentence.").

### IV.   ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that petitioner Ibrahim Akasha Abdalla's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (United States v. Abdalla, No. 14 CR 716 (the "Criminal Docket"), Dkt. No. 222; Abdalla v. United States, No. 21 Civ. 8569 (the "Civil Docket"), Dkt. No. 1) is **DENIED**.

The Clerk of Court is hereby directed to mail this Order to Ibrahim Akasha Abdalla, Register Number 75953-054, F.C.I.

Oakdale I, P.O. Box 5000, Oakdale, LA 71463 and note service on the docket.

Because Abdalla has failed to demonstrate a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**

Dated: New York, New York
21 July 2022

_____
Victor Marrero
U.S.D.J.