USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
IBRAHIM AKASHA ABDALLA,           :
         Petitioner,            :
                                      :    **14 Cr. 716 (VM)**
       -against-                  :    **21 Civ. 8569 (VM)**
                                      :    **DECISION AND ORDER**
UNITED STATES OF AMERICA,          :
                                      :
         Respondent.            :
----------------------------------

**VICTOR MARRERO, United States District Judge:**

Before the Court is a motion by petitioner Ibrahim Akasha Abdalla ("Abdalla") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") due to alleged ineffective assistance of counsel. (See "Section 2255 Motion," Dkt. No. 222.[1]) Although this Court originally denied Abdalla's Motion, (see "Decision and Order" or "D&O," Dkt. No. 236), the Second Circuit vacated and remanded, holding that this Court should have sought a sworn statement from Abdalla's trial counsel and, if necessary, held an evidentiary hearing on Abdalla's claim that trial counsel failed to convey a plea agreement. (See Dkt. No. 272, at 4.) Having now considered, in light of the Second Circuit's guidance, Abdalla's trial counsel's declarations (see Dkt. Nos. 313, 314-1), the Government's supplemental opposition (see Dkt. No. 320), and Abdalla's reply (see Dkt. No. 333),

---

[1] Abdalla's Motion was simultaneously filed at Case No. 21 Civ. 8569 (the "Civil Docket") at Dkt. No. 1. Unless otherwise noted, all citations to the record refer to Case No. 14 Cr. 716 (the "Criminal Docket").

the Court finds that an evidentiary hearing is unnecessary and **DENIES** Abdalla's Section 2255 Motion.

## I. BACKGROUND

A. RELEVANT PROCEDURAL HISTORY

On or about January 30, 2017, the Court appointed Attorney Dawn Cardi ("Cardi") as Abdalla's counsel pursuant to the Criminal Justice Act ("CJA"). (See Dkt. Nos. 16-17.) Cardi and co-counsel Diane Ferrone ("Ferrone," and with Cardi "Trial Counsel") represented Abdalla from his initial presentment before the Court in this action through sentencing. (See "Abdalla Decl.," Dkt. No. 232 ¶ 2.) Abdalla was arraigned and pleaded not guilty on multiple superseding indictments. (See Dkt. Nos. 17, 55, Dkt. Minute Entry for Jan. 5, 2018.)

On August 29, 2018, the Government sent Cardi a proposed plea agreement relating to a disposition of the charges against Abdalla (the "Initial Plea Agreement," Abdalla Decl., Ex. 2). It had an expiration date of August 31, 2018. (See "Cardi Decl.," Dkt. No. 313, Ex. A.) Cardi requested and received an extension of the expiration date until September 7, 2018. (See Cardi Decl., Ex. C.) In sworn declarations submitted in connection with the instant motion, Cardi and Ferrone assert, and Abdalla disputes, that they discussed the Initial Plea Agreement with Abdalla in person on September 4,

2

2018. (See Cardi Decl. ¶ 7; "Ferrone Decl.," Dkt. No. 314-1 ¶ 6; "Reply," Dkt. No. 333, at 4.)

The Initial Plea Agreement required Abdalla to plead guilty to Counts One and Two of the seven-count Superseding Indictment.[2] (See Dkt. No. 55.) This agreement would have resulted in a ten-year mandatory minimum term of imprisonment, with a Guidelines offense level of thirty-nine, a criminal history category of I, and a stipulated Guidelines sentence range of 262 to 327 months' imprisonment. (See Initial Plea Agreement, at 3.) Trial Counsel assert, and Abdalla disputes, that Abdalla rejected the Initial Plea Agreement via email the night of September 4, 2018. (See Cardi Decl., Ex. D; Ferrone Decl., Ex. B; Reply, at 4.)

On October 22, 2018, the Government sent Cardi another proposed plea agreement (the "Second Plea Agreement," Abdalla Decl., Ex. 3) that required Abdalla to plead guilty to all six counts of proposed Superseding Information S12. The Second Plea Agreement resulted in a ten-year mandatory minimum term of imprisonment, with a Guidelines offense level of forty-three, a criminal history category of I, and a

---

[2] The specific counts that comprise the two proposed Plea Agreements are set forth in the Superseding Indictment S9, Dkt. No. 55; the Superseding Information S12, Dkt. No. 140; and the Revised Final Presentence Investigation Report ("Revised Final PSR"), Dkt. No. 175. The Court assumes familiarity with those documents and refers to them below only as necessary for a full account of the evidentiary record.

3

stipulated Guidelines sentence of life imprisonment. (See Second Plea Agreement, at 5-6.) Abdalla signed the Second Plea Agreement and pleaded guilty to all six counts. (See Dkt. Minute Entry for Oct. 24, 2018.) The Court accepted the guilty plea on November 9, 2018. (See Dkt. No. 154.)

On January 10, 2020, Abdalla was sentenced to a below-Guidelines sentence of twenty-three years', or 276 months', imprisonment. (See "Judgment," Dkt. No. 198.) He was sentenced to 276 months on each of Counts One through Five and eighty-four months on Count Six, to run concurrently. (See id.) The Second Circuit summarily affirmed Abdalla's conviction on direct appeal. (See Dkt. No. 219.)

B.   THE INSTANT MOTION

On October 19, 2021, Abdalla moved *pro se* to vacate, set aside, or correct his sentence pursuant to Section 2255 due to alleged ineffective assistance of counsel. (See Section 2255 Motion.) Abdalla filed a declaration and a supporting memorandum of law. (See Abdalla Decl.; "Mem. of Law," Dkt. No. 334.) Abdalla argued that Trial Counsel "failed to provide [Abdalla] with the opportunity to consider [the Initial Plea Agreement], the requisite explanation of its terms, or any advice concerning the desirability of and benefits which would accrue to [Abdalla] under [the Initial Plea Agreement]," including "an accurate assessment of his

4

sentence exposure should he accept [the Initial Plea Agreement]." (Mem. of Law, at 2, 11.) Abdalla claimed that Trial Counsel failed to inform him of "the readily apparent reality that he was guilty and the [Government] enjoyed a plethora of inculpatory evidence." (Id. at 13.) Abdalla asserted that he would have accepted the Initial Plea Agreement had Trial Counsel presented it to him, and that his sentence would have been less severe. (Id. at 13.) He requested vacatur of his sentence and re-sentencing under the terms of the Initial Plea Agreement. (Id. at 14.)

This Court denied Abdalla's Section 2255 Motion on July 21, 2022. (See D&O.) The Court found that, even if Trial Counsel failed to timely convey the Initial Plea, Abdalla failed to show that any ineffectiveness prejudiced him for the following reasons. First, although the Second Plea Agreement's Guidelines sentence was life imprisonment, the Court ultimately imposed a below-Guidelines sentence of 276 months' imprisonment, which was within the Initial Plea Agreement's Guidelines range of 262 to 327 months. (See D&O, at 9.) Second, because the Court ordered all terms of imprisonment to run concurrently, Abdalla did not establish a reasonable probability that the sentence he received was higher because it entailed his pleading guilty to additional charges. (See id. at 10.) Finally, Abdalla did not show that

5

the Court's consideration of the 18 U.S.C. § 3553 factors and the circumstances of the offense would have differed if Abdalla had accepted the Initial Plea Agreement.[3] (See id. at 10-11.)

Abdalla appealed. (See Dkt. No. 237.) On January 26, 2024, the Second Circuit vacated and remanded this Court's Decision and Order, holding that the Court erred in ruling on Abdalla's Motion without obtaining a sworn statement from Trial Counsel, as Abdalla's declaration that he would have accepted the Initial Plea were he informed of it showed a plausible claim to relief. (See Dkt. No. 272, at 3.) Additionally, the Second Circuit held that the record did not "conclusively show" that Abdalla suffered no prejudice as a result of accepting the Second Plea because (1) it was not certain that the Second Plea Agreement's increased Guidelines range "had no effect" on his sentence and (2) the Government referenced conduct encompassed by charges only in the Second Plea Agreement at the sentencing hearing. (Id. at 4.)

On remand, this Court ordered Abdalla to execute an attorney-client privilege waiver and ordered Trial Counsel to

---

[3] At sentencing, the Court relied upon overwhelming evidence of guilt, the seriousness of the offenses, and the role that Abdalla played. The record included evidence that Abdalla possessed and used multiple firearms in connection with the offenses and helped arrange the murder of at least one person. (See "Sentencing Transcript," Dkt. No. 201, at 39:7-24; Revised Final PSR ¶¶ 40-105.)

6

give sworn testimony in the form of declarations addressing Abdalla's allegations of ineffective assistance of counsel grounded on Trial Counsel's alleged failure to inform Abdalla of the terms of the Initial Plea Agreement. (See Dkt. No. 302.) On November 20, 2024, Cardi submitted a sworn declaration attesting that she discussed the Initial Plea Agreement in-person with Abdalla and Ferrone on September 4, 2018. (Cardi Decl. ¶ 7.) On November 25, 2024, Ferrone submitted a sworn declaration attesting to the same. (Ferrone Decl.) Both Cardi and Ferrone included, as an exhibit to their declarations, a screenshot of Abdalla's email rejecting the Initial Plea Agreement that Abdalla later claimed his counsel never informed him about. (See Cardi Decl., Ex. D; Ferrone Decl., Ex. B.) Cardi also included a screenshot of September 6, 2018, emails between herself and members of Abdalla's family in which Cardi encouraged them to convince Abdalla to accept the Initial Plea Agreement, again, hard evidence refuting Abdalla's retreat from his rejection of the Initial Plea Agreement under a cloak of accusations of attorney professional deficiency. (See Cardi Decl., Ex. E.)

On December 26, 2024, the Government filed an Opposition to Abdalla's Motion, arguing that Cardi's and Ferrone's Declarations made "unequivocal that they timely conveyed the Initial Plea Agreement," and that the Court should therefore

7

deny Abdalla's Motion without a hearing. (See "Opposition," Dkt. No. 320, at 1.) On January 24, 2025, Abdalla, through counsel, replied to the Government's Opposition, arguing that an evidentiary hearing was necessary because there were genuine issues of material fact. (See Reply, at 5.)

## II.    LEGAL STANDARD

"In order to establish an ineffective assistance claim [under Section 2255], a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Cardoza v. Rock, 731 F.3d 169, 178 (2d Cir. 2013). With respect to the performance prong, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (internal marks and citations omitted). While courts are deferential to defense counsel's strategic decisions, those decisions must be within "the wide range of reasonable professional assistance." Strickland v. United States, 466 U.S. 668, 689 (1984).

With respect to the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

8

would have been different." Cullen, 563 U.S. at 189 (internal quotation marks omitted). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the plea offer had they been afforded effective assistance of counsel." Missouri v. Frye, 566 U.S. 134, 147 (2012).

Section 2255 "requires the district court to hold an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001) (quoting 28 U.S.C. § 2255(b)); see also Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (when adjudicating a Section 2255 motion, the district court "view[s] the evidentiary proffers, where credible, and record in the light most favorable to the petitioner" and "[i]f material facts are in dispute, a hearing should usually be held, and relevant findings of facts made"). Moreover, Section 2255 does not require a hearing "where the allegations are 'vague, conclusory, or palpably incredible.'" Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting Machibroda 131 v. United States, 368 U.S. 487, 495 (1962)).

The Section 2255 hearing requirement, however, can be

satisfied by the district court's review of sworn statements from trial counsel filed in connection with the Section 2255 motion. See Chang, 250 F.3d at 85 (district court satisfied hearing requirement by reviewing "a detailed affidavit from trial counsel" when petitioner argued that counsel was ineffective by prohibiting him from testifying). "[W]here testimony of the petitioner and trial counsel 'would add little or nothing to the written submissions,' it is within the district court's discretion to forego a hearing, choosing 'a middle road that avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing.'" Dodakian v. United States, No. 14 Civ. 01188, 2015 WL 11144511, at *24 (S.D.N.Y. Aug. 14, 2015) (quoting Chang, 250 F.3d at 86)).

### III. DISCUSSION

The parties dispute whether (1) Trial Counsel discussed the substance and implications of the Initial Plea Agreement with Abdalla and (2) whether an evidentiary hearing is necessary to resolve this factual dispute.

Abdalla argues that his Trial Counsel were constitutionally deficient because they "failed to provide [Abdalla] with the opportunity to consider [the Initial Plea

10

Agreement]" and did not explain "his sentence exposure should he accept [the Initial Plea Agreement]." (Mem. of Law, at 2, 11.) Cardi, however, attested that she and Ferrone discussed the Initial Plea Agreement with Abdalla in-person on September 4, 2018, three days before the agreement was due to expire on September 7, under the extension Cardi obtained from the Government. Cardi attested that she was "very blunt" in her "advice . . . to accept the plea agreement." (Cardi Decl. ¶ 7.) Ferrone elaborated that she and Cardi "reviewed each paragraph" of the Initial Plea Agreement with Abdalla, "answered any questions he had," and gave Abdalla a copy of the Agreement. (Ferrone Decl. ¶ 6.) At approximately 9:40 PM that night, Abdalla emailed Cardi and Ferrone to state that "[he] will not be taking that plea." (Cardi Decl., Ex. D; Ferrone Decl., Ex. B.) In response to Trial Counsel's declarations, Abdalla argued that he "does not remember sending the email" rejecting the Initial Plea Agreement. (Reply, at 2.) Abdalla questioned the authenticity of the email because the screenshot did not resemble the format of emails sent through Corrlinks, the platform federal prisoners use to send emails. (See id.)

In light of Trial Counsel's detailed declarations, the Court finds that an evidentiary hearing is unnecessary because "the testimony of [Abdalla] and his [T]rial [C]ounsel

11

would add little or nothing to the written submissions." Chang, 250 F.3d at 86. Trial Counsel's "detailed description of events was eminently credible" and corroborated by a copy of Abdalla rejecting the Initial Plea Agreement via email. Id. Abdalla offers only his own declaration and Reply to support his assertion that he was not sufficiently informed of the substance and implications of the First Plea Agreement. (see Abdalla Decl.; Reply). See Chung Yu-Holguin v. United States, No. 13 Cr. 259, 2020 WL 804945, at *7 (E.D.N.Y. Feb. 18, 2020) (Section 2255 evidentiary hearing was unnecessary where petitioner claimed ineffective assistance of counsel, trial counsel "responded with a detailed and credible affidavit," and petitioner "merely reiterated the conclusory assertions first made in [petitioner's habeas counsel's] declaration and provided none of the requested details surrounding [petitioner's] conversations with [trial counsel] or any corroborating evidence").

Moreover, Abdalla's argument that he does not remember rejecting the Initial Plea Agreement, along with his suggestion that Trial Counsel fabricated their testimony and his email rejecting the plea, is simply implausible and not credible. (See Reply, at 2.) Abdalla overlooked that the screenshot of his email rejecting the Initial Plea Agreement was taken from Cardi's and Ferrone's cell phones, such that

12

the email's format differs from what Abdalla views in Corrlinks. (See Cardi Decl., Ex. D; Ferrone Decl., Ex. B.) Thus, Abdalla's request for a hearing on his Section 2255 motion is denied.

Further, the Court finds that Abdalla has not shown that Trial Counsel's representation was deficient. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 566 U.S. at 145. "[C]odified standards of professional practice . . . can be important guides" for sufficient representation, and the "American Bar Association recommends defense counsel 'promptly communicate and explain to the defendant all plea offers made by the prosecuting attorney.'" Id. (quoting ABA Standards for Criminal Justice, Pleas of Guilty 14-3.2(a) (3d ed. 1999).)

Here, the Government conveyed the Initial Plea Agreement to Cardi on August 29, 2018, with an expiration date of August 31, 2018. (See Cardi Decl., Ex. A.) Because Cardi was out of town at the time, she requested and received an extension of the expiration date until September 7, 2018. (See Cardi Decl., Ex. C.) Cardi and Ferrone discussed the Initial Plea Agreement with Abdalla in-person on September 4, 2018. (See Cardi Decl. ¶ 7; Ferrone Decl. ¶ 6.) During that meeting, as

13

detailed above, Trial Counsel "reviewed each paragraph of the plea offer," "answered any questions [Abdalla] had," and provided him a copy of the Initial Plea Agreement. (See Ferrone Decl. ¶ 6.) That night, Abdalla emailed Trial Counsel to inform them he would not accept the Initial Plea Agreement, a contemporaneous written admission that on its face refutes his subsequent attempts to walk away from the import of his own words. (See Cardi Decl., Ex. D; Ferrone Decl., Ex. B.) Hence, the Court is persuaded that Trial Counsel promptly communicated the terms of the Initial Plea Agreement to Abdalla and explained them to him, such that Trial Counsel's representation of Abdalla in this action was not deficient in this respect. Because the Court finds that Abdalla failed to demonstrate that Trial Counsel's performance was insufficient, the Court does not reach the prejudice prong. See Chang, 250 F.3d at 84.

## IV.  ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion of petitioner Ibrahim Akasha Abdalla("Abdalla") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (United States v. Abdalla, No. 14 CR 716 (the "Criminal Docket"), Dkt. No. 222; Abdalla v. United States, No. 21 Civ. 8569 (the "Civil Docket"), Dkt. No. 1) is **DENIED**.

14

The Clerk of Court is hereby directed to mail this Order to Ibrahim Akasha Abdalla, Register Number 75953-054, F.C.I. Oakdale I, P.O. Box 5000, Oakdale, LA 71463 and note service on the docket.

Because Abdalla has failed to demonstrate a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000) ("[T]he 'substantial showing' requirement for granting a [certificate of appealability] is satisfied if the issues involved in a petition are debatable among jurists of reason, could be resolved in a different manner, or are adequate to deserve encouragement to proceed further.").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:    New York, New York
          4 April 2025

_____
          Victor Marrero
          U.S.D.J.